## Cornelius C. Crawford v. The Township Boards of the Townships of Scio and Webster in Washtenaw County.

*Removal of school-district officers: Statute construed.* The statute (*Comp. L.*, § 2377, as amended by *Sess. L.*, *1861, p. 291*, § *136*), providing for the removal from office, by the township board, of school-district officers, etc., is applicable, so far as it relates to district officers, only to school-districts situated wholly within the limits of a single township; and it gives the power of removal only to the township board of the single township in which the district is situated.

*An omission by the legislature cannot be supplied by the court.* The omission by the·legislature to confer the power upon the joint boards of two or more town-

ships where a district is organized from two or more adjoining townships, whether it occurred through inadvertence or design, is one which this court cannot supply.

*Certiorari: Joint action of boards of two townships for removal of school-district officer void.* Where. the return to a writ of *certiorari*, issued to bring up for review the proceedings of the boards of two townships sitting together as a single joint board for the removal from office of a director of a school-district embracing a part of each township, purports to be the return of the two boards as a joint board, and discloses that they acted jointly in the hearing and determination of the case, this is sufficient to show that their action was without jurisdiction and void.

*Heard January 3.    Decided January 9.*

*Certiorari* to township boards of the townships of Scio and Webster, in the county of Washtenaw.

*O. Hawkins,* for plaintiff in *certiorari.*

*Hiram J. Beakes,* for defendants in *certiorari.*

CHRISTIANCY, CH. J.

This is a common-law *certiorari* from this court to the township boards of the two townships of Scio and Webster, in the county of Washtenaw, to bring up for review in this court, the proceedings of the boards of the two townships, sitting as a single joint board, upon a petition presented to them for the removal of the plaintiff in error from the office of director of a school-district embracing a part of each township, " for persistently refusing to carry out the instructions of said school-district in good faith."

The return shows that the officers composing the two township boards, met together and organized (or purported to organize), as one joint board, by electing the supervisor of Scio as chairman, and the township clerk of Webster as clerk, of such joint board.

Before this board, thus organized, such proceedings were had upon said complaint that, the director being found guilty of the charge contained in it, this joint board proceeded to remove him from office, so far as their judg-

ment and decision could do so, and another director was subsequently elected by the votes of the district.

Several questions were discussed upon the argument in this court, but we think it necessary to notice only the question of the jurisdiction of such supposed joint board to hear and determine a case of this kind, to remove a school-district officer for any cause.

The statute (*Comp. L.*, § *2377*, as amended in 1861, *Sess. Laws p. 291*, § *136*) provides: "The township board of each township shall have power, and is hereby required to remove from office, upon satisfactory proof, after at least five days' notice to the party implicated, any district officer or school inspector, who shall have illegally used or disposed of any of the public moneys entrusted to his charge, or who shall persistently, and without sufficient cause, refuse or neglect to discharge any one of the duties of his office."

Now—without noticing the fact that the charge against the director, of which he was found guilty, and for which he was removed, is not one which is made a cause of removal by the statute, and that the notice to him was a notice of the township clerk alone, and not purporting to be given by order of any board—it is sufficient to say that this section, in our opinion, so far as it relates to district officers, is applicable only to school-districts situated wholly within the limits of a single township, and that it gives the power of removal only to the township board of the single township in which the district is situated. There is no provision for any joint meeting of the boards of two or more townships, nor does it contemplate any joint action, but simply the action of a single township board; and we must depart entirely from the language to make it embrace such a case.

The statute (*Comp. L.*, § *2324*) provides for organizing

districts from two or more adjoining townships, and for various duties of district and township officers in such cases.—( §§ *2324—2327*).   *Section 2324* does give power to the school inspectors of two or more town ships in which a school-district may be situated, to act together as one board, and it would doubtless have been just as appropriate to have given such power to the township boards for the purpose of removing district officers.    But the legislature have given the power in the one case and not in the other; and whether the omission was through inadvertence or design, it is equally an omission, and one which this court cannot supply when there is nothing in any part of the statute indicating such an intention.

The return to the *certiorari* purports to be the return of the two boards, as a joint board, and their own record shows that they acted jointly in the hearing and determination of the case.   Their action was, therefore, without jurisdiction and void, and the whole proceeding must be reversed and set aside.

The other Justices concurred.